IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER KING,
No. 32825-044,

Petitioner,

vs.                                                                 Case No. 15-cv-997-DRH

JAMES CROSS, JR.,

Respondent.

MEMORANDUM AND ORDER

HERNDON, District Judge:

Petitioner Christopher King, currently incarcerated at Greenville Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner seeks to challenge the sentencing court's determination that his prior conviction for aggravated assault qualifies as a prior offense for purposes of the Armed Criminal Career Act ("ACCA") under 18 U.S.C. § 924(e). This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives

this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

## Procedural History

On December 21, 2006, petitioner was sentenced to 188 months for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), in the United States District Court for the Eastern District of Missouri. (Doc. 1, p. 1). Petitioner's sentence included an enhancement pursuant to 18 U.S.C. § 924, the Armed Career Criminal Act. *Id*. Petitioner declined to file a direct appeal. *Id*. at 2. Subsequently, petitioner filed a petition pursuant to 28 U.S.C. § 2255 with the United States District Court for the Eastern District of Missouri. On July 31, 2008, petitioner's § 2255 motion was denied. *Id*. Following the United States Supreme Court's decision in *Begay v. United States*, 533 U.S. 137 (2008), petitioner sought to challenge his sentence via 28 U.S.C. § 2241 in this Court. (Doc. 1, p. 9). This Court determined that petitioner's conviction nonetheless qualified as a "violent felony" under the ACCA and denied the petition. *See King v. Cross*, No. 10-CV-879-DRH, (S.D. Ill.) at Doc. 25. Petitioner appealed to the Seventh Circuit, which affirmed this Court's decision. *See King v. Cross*, No. 12-1159, 2012 WL 10235795, at *1 (7th Cir. Mar. 12, 2012).

## The Habeas Petition

In the instant petition, filed on September 11, 2015, petitioner challenges the sentencing court's determination that his prior conviction for aggravated

assault under Ohio law qualified as a predicate offense, for purposes of the ACCA. Petitioner maintains that the sentencing court relied on the "residual clause" of the ACCA when it made the determination that the prior conviction qualified as a predicate offense.  Relying on the United States Supreme Court's recent decision in *Johnson v. United States,* –– U.S. ––, 135 S.Ct. 2551 (June 26, 2015), which invalidated the residual clause of the Armed Criminal Career Act,[1] petitioner argues that his prior aggravated assault conviction should not have been used to enhance his present sentence.

## Discussion

Federal prisoners, like petitioner, who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255.  *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012).  Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence.  28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314

---

[1] The *Johnson* Court held that the residual clause of the Armed Criminal Career Act is unconstitutionally vague and, thus violates due process.

F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that a petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

Petitioner has failed to satisfy the first condition. On August 4, 2015, the Seventh Circuit concluded that *Johnson* announces a new substantive rule of *constitutional law* that is retroactively applicable in a collateral attack on a final conviction. *See Price v. United States,* 795 F.3d 731, 734 (7th Cir. Aug. 4, 2015). Based on this conclusion, the Seventh Circuit granted the petitioner in *Price* permission to file a second or successive § 2255 motion pursuant to 28

U.S.C. § 2255(h). *See Price,* 795 F.3d at 734-35. A second or successive § 2255 petition is allowed when the appropriate court of appeals certifies that the petition is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). This seems to suggest that § 2255 cannot be said to be inadequate or ineffective to test the legality of the petitioner's conviction and sentence and, therefore, the need and the opportunity to use the savings clause under 28 U.S.C. § 2255(e) is presently extinguished. In other words, given the potential availability of relief under § 2255, seeking relief under the savings clause is premature. As such, petitioner's § 2241 petition must be **DISMISSED**, but the dismissal will be without prejudice to petitioner filing a subsequent § 2241 petition if at a later juncture § 2255 proves ineffective or inadequate.

If petitioner does decide to pursue relief under § 2255, he is advised that because he previously filed a § 2255, he, like the petitioner in *Price*, would need to seek permission to file a second or successive § 2255 motion with the federal Court of Appeals of the circuit in which he was sentenced. *See* 28 U.S.C. § 2244(b)(3). In his case, since he was convicted in the Eastern District of Missouri, he must apply to the Eighth Circuit.

Finally, petitioner should note that the one-year period prescribed by 28 U.S.C. 2255(f)(3) for filing a § 2255 motion runs from the date of the Supreme Court's ruling initially recognizing the right asserted, *not* from the date the newly

recognized right was found to be retroactive. *Dodd v. United States*, 545 U.S. 353, 357 (2005).

## Disposition

As discussed above, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claim, and, therefore, consistent with *In re Davenport*, petitioner cannot raise these claims through a § 2241 petition at this time. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, petitioner's habeas petition (Doc. 1) is **DISMISSED** without prejudice.

If petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) will toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is

not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under §2241.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: September 30, 2015**

Digitally signed by David R. Herndon
Date: 2015.09.30 11:30:40 -05'00'

**United States District Judge**